

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

      Plaintiff,

v.

D-1 Nicholas Alan Dunn,
D-2 Preston Creed-Boehm,
D-3 Joshua Buren Hippensteel,

      Defendants.

_____/

Case:4:23-cr-20652
Judge: Behm, F. Kay
MJ: Ivy, Curtis
Filed: 11-16-2023 At 03:42 PM
INDI USA V NICHOLAS ALAN DUNN, ET A
L (LG)

Violations:
18 U.S.C. § 2251(a)
18 U.S.C. § 2251(a) & (e)
18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B) & (b)(2)

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### 18 U.S.C. § 2251(a)
### Sexual Exploitation of a Minor

D-1 Nicholas Alan Dunn
D-3 Joshua Buren Hippensteel

1.      In or around October 2022, in the Eastern District of Michigan, and

elsewhere, defendants, Nicholas Alan Dunn and Joshua Buren Hippensteel,

knowingly employed, used, persuaded, induced, enticed, and coerced a minor,

MV-1, to engage in sexually explicit conduct for the purpose of producing a visual

depiction of such conduct, knowing and having reason to know that such visual

depiction would be transported and transmitted using a means and facility of

1

interstate and foreign commerce, and in and affecting interstate and foreign

commerce; and the visual depiction was produced and transmitted using materials

that had been mailed, shipped, and transported in and affecting interstate and

foreign commerce by any means, including by computer; and such visual depiction

was transported and transmitted using a means and facility of interstate and foreign

commerce and in and affecting interstate and foreign commerce; in violation of

Title 18, United States Code, Section 2251(a).

## COUNT TWO
### 18 U.S.C. § 2251(a)
### Sexual Exploitation of a Minor

D-2 Preston Creed-Boehm
D-3 Joshua Buren Hippensteel

2.      On or about November 7, 2022, in the Eastern District of Michigan,

and elsewhere, defendants, Preston Creed-Boehm and Joshua Buren Hippensteel,

knowingly employed, used, persuaded, induced, enticed, and coerced a minor,

MV-1, to engage in sexually explicit conduct for the purpose of producing a visual

depiction of such conduct, knowing and having reason to know that such visual

depiction would be transported and transmitted using a means and facility of

interstate and foreign commerce, and in and affecting interstate and foreign

commerce; and the visual depiction was produced and transmitted using materials

that had been mailed, shipped, and transported in and affecting interstate and

foreign commerce by any means, including by computer; and such visual depiction

2

was transported and transmitted using a means and facility of interstate and foreign

commerce and in and affecting interstate and foreign commerce; in violation of

Title 18, United States Code, Section 2251(a).

**COUNT THREE**
**18 U.S.C. § 2251(a) & (e)**
**Sexual Exploitation of a Minor and Attempted Sexual Exploitation of a Minor**

D-1 Nicholas Alan Dunn
D-3 Joshua Buren Hippensteel

3.      On or about November 12, 2022, in the Eastern District of Michigan,

and elsewhere, defendants, Nicholas Alan Dunn and Joshua Buren Hippensteel,

knowingly employed, used, persuaded, induced, enticed, and coerced a minor,

MV-1, to engage in sexually explicit conduct for the purpose of producing a visual

depiction of such conduct, knowing and having reason to know that such visual

depiction would be transported and transmitted using a means and facility of

interstate and foreign commerce, and in and affecting interstate and foreign

commerce; and the visual depiction was produced and transmitted using materials

that had been mailed, shipped, and transported in and affecting interstate and

foreign commerce by any means, including by computer; and such visual depiction

was transported and transmitted using a means and facility of interstate and foreign

commerce and in and affecting interstate and foreign commerce; in violation of

Title 18, United States Code, Section 2251(a) and (e).

3

## COUNT FOUR
### 18 U.S.C. § 2251(a)
**Sexual Exploitation of a Minor**

D-1 Nicholas Alan Dunn

4.     At a time unknown in or around 2022, in the Eastern District of
Michigan, and elsewhere, defendant, Nicholas Alan Dunn, knowingly employed,
used, persuaded, induced, enticed, and coerced a minor, MV-1, to engage in
sexually explicit conduct for the purpose of producing a visual depiction of such
conduct, knowing and having reason to know that such visual depiction would be
transported and transmitted using a means and facility of interstate and foreign
commerce, and in and affecting interstate and foreign commerce; and the visual
depiction was produced and transmitted using materials that had been mailed,
shipped, and transported in and affecting interstate and foreign commerce by any
means, including by computer; and such visual depiction was transported and
transmitted using a means and facility of interstate and foreign commerce and in
and affecting interstate and foreign commerce; in violation of Title 18, United
States Code, Section 2251(a).

4

## COUNT FIVE
## 18 U.S.C. § 2252A(a)(2)
### Distribution of Child Pornography

D-2 Preston Creed-Boehm

5.     On or about December 14, 2022, in the Eastern District of Michigan,

and elsewhere, defendant, Preston Creed-Boehm, knowingly distributed material

that contained child pornography, as defined in 18 U.S.C. § 2256(8), using a means

and facility of interstate and foreign commerce; and the material that contained

child pornography was shipped and transported in and affecting interstate and

foreign commerce by any means, including by computer; in violation of Title 18,

United States Code, Section 2252A(a)(2).

## COUNT SIX
## 18 U.S.C. § 2252A(a)(5)(B) & (b)(2)
### Possession of Child Pornography

D-2 Preston Creed-Boehm

6.     On or about December 15, 2022, in the Eastern District of Michigan,

and elsewhere, defendant, Preston Creed-Boehm, knowingly possessed child

pornography, as defined in 18 U.S.C. § 2256(8), which had been mailed, shipped,

and transported using a means and facility of interstate and foreign commerce and

in and affecting foreign commerce; and the child pornography was produced using

materials that had been mailed, shipped and transported in and affecting interstate

and foreign commerce; and the child pornography involved a prepubescent minor

and a minor who had not attained 12 years of age, in violation of Title 18, United

States Code, Section 2252A(a)(5)(B) and (b)(2).

## FORFEITURE ALLEGATION
### 18 U.S.C. § 2253 and 28 U.S.C. § 2461

7.    The allegations contained in Counts One through Six of this

Indictment are hereby re-alleged and incorporated by reference for the purpose of

alleging forfeiture pursuant to 18 U.S.C. § 2253 and 28 U.S.C. § 2461.

8.    Upon conviction of one or more of the offenses charged in Counts

One through Six of the Indictment, defendants shall, pursuant to Title 18, United

States Code, Section 2253, and Title 28, United States Code, Section 2461, forfeit

to the United States the following:

      a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

      b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

      c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

9.    Substitute Assets:  If the property described above as being subject to

forfeiture, as a result of any act or omission of defendants:

      a. Cannot be located upon the exercise of due diligence;

      b. Has been transferred or sold to, or deposited with, a third party;

      c. Has been placed beyond the jurisdiction of the Court;

      d. Has been substantially diminished in value; or

      e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), and Title 28, United

States Code, Section 2461(c).

                                  THIS IS A TRUE BILL
                                  *s/ Grand Jury Foreperson*
                                  GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney

*s/Anthony Vance*
ANTHONY VANCE
Chief, Branch Offices

*s/Ann Nee*
ANN NEE
Assistant United States Attorney

Dated: November 16, 2023

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete

Case:4:23-cr-20652
Judge: Behm, F. Kay
MJ: Ivy, Curtis
Filed: 11-16-2023 At 03:42 PM
INDI USA V NICHOLAS ALAN DUNN, ET A
L (LG)

| **Companion Case Information** | |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | |
| ☐Yes ☑No | **AUSA's Initials: AN** |

**Case Title:**  USA v. <u>Nicholas Alan Dunn, Preston Creed-Boehm, Joshua Buren Hippensteel</u>

**County where offense occurred:**  <u>Genesee</u>

**Offense Type:**  Felony

Indictment -- based upon prior complaint [**Case number:** 22-mj-30540, 22-mj-30530, 22-mj-30541]

**Superseding Case Information**

Superseding to Case No: _____    Judge: _____

    **Reason:**

| **Defendant Name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

November 16, 2023
Date

*s/ Ann Nee*

Ann Nee
Assistant United States Attorney
600 Church Street
Flint, MI 48502
ann.nee@usdoj.gov
(810) 766-5177
Bar #: P81487

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have been terminated.